UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jonathan Khoury,

    Plaintiff,

v.

Ford Motor Credit Company, LLC, et al.,

    Defendants.

_____/

Case No. 13-11149

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT FORD'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS [23], GRANTING DEFENDANT SUBURBAN'S MOTION FOR SUMMARY JUDGMENT [32], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [33], DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND [40], AND DENYING DEFENDANT SUBURBAN'S MOTION FOR SANCTIONS [31]**

In this Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., case, Plaintiff Jonathan Khoury alleges that Defendant Ford Motor Credit Company (Defendant Ford) and Defendant Suburban Ford of Sterling Heights (Defendant Suburban) knowingly violated the FCRA when one of Defendant Suburban's employees mistakenly placed Plaintiff's name on an allegedly incomplete credit application instead of Plaintiff's wife's name and Defendants ran Plaintiff's credit.

Before the Court are Defendant Ford, Defendant Suburban, and Plaintiff's motions for summary judgment. (Dkt. 23, 32, 33.)  Also before the Court are Plaintiff's motion to amend and Defendant Suburban's motion for sanctions. (Dkt. 40, 31.)

The parties have stipulated to dismiss three of Plaintiff's claims against Defendants. The only claim left pending is that Defendants knowingly obtained a consumer report without a permissible purpose in violation of 15 U.S.C. § 1681b(f).

Plaintiff acknowledges that he cannot prove a knowing violation of the FCRA, so he has filed a motion to amend the complaint to add, basically 'substitute', a negligent cause of action against Defendants.

Because the Court agrees that there is no proof of a knowing violation of the FCRA, the Court GRANTS Defendant Ford and Defendant Suburban's motions for summary judgment and DENIES Plaintiff's motion for summary judgment.

Because the Court finds that discovery has closed and that Defendants would be prejudiced by an amended complaint, in conjunction with the fact that Defendants asserted from the outset that no knowing violation occurred and Plaintiff's counsel is both familiar with the FCRA and has alleged negligent violations of the FCRA in cases in this district, the Court DENIES Plaintiff's motion for leave to amend.

With regards to Defendant Suburban's motions for sanctions, the Court finds that Defendant Suburban has not shown that it complied with Rule 11's "safe harbor" provision and the Court finds that, although unprofessional, Plaintiff's counsel had a basis for filing the complaint and made a reasonable enough attempt at continuing the case so that sanctions would not be appropriate. The Court therefore DENIES Defendant Suburban's motion for sanctions.

**I.    Facts**

On December 31, 2012, Plaintiff went to Suburban with his wife, so that his wife could purchase a vehicle. (Pl.'s Mot. for Summ. J., Ex. A, Pl.'s Aff. ¶¶ 1, 2.)

Plaintiff states that he never applied for credit when his wife purchased the vehicle. (Pl.'s Aff. ¶ 3.) He alleges that he never filled out any type of credit application with or gave permission to Suburban or Ford to access or review his credit report. (*Id.* ¶ 4.)

After his visit to Suburban, Plaintiff states that he found out that Ford or Suburban, or both, had obtained his consumer credit report from Experian. (Pl.'s Aff. ¶ 6.)

Around January 2, 2013, Plaintiff states that he contacted Suburban and asked it why it had obtained his credit report. (Pl.'s Aff. ¶ 7.) Plaintiff states that Suburban denied pulling the credit report. (*Id.*) Plaintiff then sent proof that Ford pulled the report; Suburban then admitted that it obtained his report. (*Id.* ¶ 8.) Plaintiff says that he then asked Suburban to remove the inquiry from his credit report. (*Id.* ¶ 9.) Plaintiff recounts that Suburban told him that removal would take two to three weeks. (*Id.*) Plaintiff then states, roughly three weeks later, the inquiry remained on his report and Suburban told him that removal would take two more weeks. (*Id.* ¶ 10.)

Around February 6, 2013, Plaintiff states that his credit report still contained the inquiry. (Pl.'s Aff. ¶ 11.)

Suburban states that it mistakenly sent Plaintiff's name on an application to Ford. (Pl.'s Mot. for Summ. J., Ex. C.)

Ford adds that it received a credit report regarding Plaintiff from Experian on December 31, 2012. (Pl.'s Mot. for Summ. J., Ex. D.).

Suburban provides more facts. It explains that Plaintiff, a Ford Motor Company employee, went to Suburban with his wife so that she could use his Ford employee discount. (Ford's Mot. for Summ. J., Ex. B, Arnold Aff. ¶ 5.) Suburban states that Plaintiff's wife purchased the vehicle in her own name and obtained financing on her own. (*Id.*)

Suburban details the mistake that occurred in this case. (Arnold Aff. ¶ 5.) Suburban explains that, to receive the Ford employee discount, Plaintiff's name would have appeared on the paperwork for Plaintiff's wife's financing and that Plaintiff would have provided his

3

driver's license for discount verification purposes. (*Id.* ¶ 5.) Suburban then explains that, when it receives a driver's license, it stores the information into its system, named "Wilson." (*Id.* ¶ 6.) The company stores the information, it states, for proof of purchase and marketing purposes. (*Id.*)

Suburban states that, when its finance department filled out the credit application for Plaintiff's wife, it incorrectly inserted Plaintiff's name for his wife's name. (Arnold Aff. ¶ 7.) Suburban explains that its system then completed the credit application with Plaintiff's address and date of birth. (*Id.*)

Suburban maintains that, within minutes of Wilson creating the report on Plaintiff, it realized the mistake and corrected the mistake by placing Plaintiff's wife's name on the application. (Arnold Aff. ¶ 7.)

Suburban states that it "believed a credit report could not be run without a social security number," so its finance manager was not concerned about the mistake. (Arnold Aff. ¶ 8.) Suburban adds that "[n]o further attention was given to the application, as it was a mistake of which the dealership believed there would be no consequences, such as, a credit report being obtained." (*Id.*)

Suburban says that it and Plaintiff's wife conducted the car purchase without incident. (Arnold Aff. ¶ 9.)

Suburban acknowledges that Arnold, one its employees, told Plaintiff that Suburban "could not have run his credit since [Ford] had never obtained [Plaintiff's] social security number." (Arnold Aff. ¶ 10.) Arnold also admitted that Plaintiff did show him that Experian had run his credit report without the use of Plaintiff's social security number. (*Id.*)

4

Arnold stated that he contacted Ford after Plaintiff showed him his credit report. (Arnold Aff. ¶ 11.)  Arnold said that he asked Ford to remove the inquiry from the report. (*Id.*)  Arnold stated that he related to Plaintiff that Ford would remove the inquiry, but that the removal would take several weeks. (*Id.*)  Several weeks passed, Arnold stated, and Plaintiff contacted Suburban again, informing it that the inquiry was still on his credit report and that he was going to contact his attorney.  (*Id.* ¶ 12.)

On March 15, 2013, Plaintiff filed a four-count complaint against Defendants.  (Dkt. 1.)  Plaintiff alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (*Id.*)  Plaintiff first alleged that Defendants obtained Plaintiff's credit report under false pretenses, violating 15 U.S.C. § 1681q.  (*Id.*)  Plaintiff next alleged that Defendants knowingly obtained Plaintiff's consumer report without a permissible purpose, violating 15 U.S.C. § 1681b(f).  Plaintiffs then claimed that Defendant willfully violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose.  (*Id.*)  And Plaintiff finally alleged that Defendants invaded his financial privacy.  (*Id.*)

Plaintiff and Defendants stipulated to the dismissal of three of the four counts.  (Dkt. 45.)  The only claim that currently remains is Plaintiff's allegation that Defendants knowingly obtained Plaintiff's consumer report without a permissible purpose.  (*Id.*)

Plaintiff has also filed a motion to amend the complaint.  (Dkt. 40.)

**II.    Dispositive motion standards of review**

**A. Rule 12(b)(6) motion to dismiss standard of review**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states

a valid claim for relief. See *Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). See also *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a

6

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

### B. Rule 56 motion for summary judgment standard of review

It is well established that summary judgment under Federal Rule of Civil Procedure 56 is proper when the movant "shows that there is no genuine dispute as to any material fact, and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *U.S. SEC v. Sierra Brokerage Services, Inc.*, 712 F.3d 321, 326-27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)) (quotations omitted). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* Furthermore, the "substantive law will identify which facts are material, and summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

When considering the material facts on the record, a court must bear in mind that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

### III. Analysis

### A. Defendants did not knowingly obtain a consumer report without a permissible purpose

Plaintiff alleges Defendants knowingly obtained his consumer report without a permissible purpose. *See* 15 U.S.C. § 1681b(f) (prohibiting obtaining a consumer report for an impermissible purpose).

Section 1681n makes unlawful the willful failure to comply with the FCRA. 15 U.S.C. § 1681n(a). Section 1681n(1)(B) entitles a plaintiff to $1,000.00 or actual damages, whichever is greater, for "obtaining a consumer report under false pretenses or knowingly without a permissible purpose[.]" 15 U.S.C. § 1681n(1)(B). The section also entitles a plaintiff to punitive damages, costs, and attorneys' fees.

For a cause of action under § 1681n, "the plaintiff must prove that (1) there was a consumer report, (2) that defendant used or obtained it, and (3) that they did so without a permissible statutory purpose." *Gillom v. Ralph Thayer Auto. Livonia*, 444 F.Supp.2d 763, 771 (E.D.Mich. 2006) (Cleland, J.) (citation omitted). "The plaintiff must also prove the defendant acted with the specified level of culpability, which is willfulness under section 1681n and negligence under section 1681o." *Id.* (citation omitted).

A "willful" violation is "either an intentional violation or a violation committed by an agency in reckless disregard of its duties under [the Act.]" *Garrett v. Experian Info. Solutions, Inc.*, 11-12523, 2012 WL 1931324, at *4 (E.D.Mich. May 29, 2012) (Zatkoff, J.) (citation omitted, insertion in *Garrett*.). "Recklessness is measured by 'an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* (citation omitted.) "[A] company subject to [the Act] does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of

violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* (citations omitted, insertion in original.)

Here, the Court need not discuss whether Defendants obtained Plaintiff's credit report for a permissible purpose, for Plaintiff has not shown that Defendants acted with the requisite level of culpability. There is no evidence in the record that Defendants actions were anything but unintentional, a mistake. The Court finds that this mistake cannot be actionable under the wilful or reckless FCRA culpability levels. *See Lagrassa v. Jack Gaughen, LLC*, 09-0770, 2011 WL 1257384 (M.D.Pa. Mar. 11, 2011) (stating that "a violation of the FCRA by itself does not amount to willful noncompliance with the FCRA." And finding that "the evidence submitted by [the defendant] supports a finding that there were procedures in place to ensure FCRA compliance, and that this incident was likely a mistake. Such an error, at best, amounts to negligence, not a knowing, intentional or reckless violation of the FCRA.") (citations omitted). Here, Defendant Suburban has submitted an affidavit showing that it has procedures in place to train employees about the FCRA. (Def. Suburban's Mot. for Summ. J., Ex. C.) Defendants are entitled to summary judgment on this claim, for Plaintiff has created no genuine issue of material fact that Defendants willfully or knowingly violated the FCRA when Defendant Suburban mistakenly submitted Plaintiff's name on a credit report.

Plaintiff admits as much in his motion for leave to amend. (Dkt. 40.) Plaintiff states that "[d]iscovery has revealed that [] Defendants negligently, rather than willfully, obtained Plaintiff's consumer credit report without a permissible statutory purpose[.]" (*Id.*)

**B. An amendment this late in the proceeding prejudices Defendants and Plaintiff has not offered a legitimate reason for his delay in bringing a negligent violation of the FCRA claim**

On October 30, 2013, Plaintiff filed a motion to amend his complaint. (Dkt. 40, Pl.'s Mot. to Amend.) In his motion, he alleges that he discovered that Defendants acted "negligently, rather than willfully," when they obtained his consumer credit report without a permissible statutory purpose. (Pl.'s Mot. to Amend at 1.) Plaintiff states that his claim under the original complaint and the proposed first amended complaint "are precisely the same, [with] the sole exception being the level of [] Defendants' culpability, which," Plaintiff maintains, he could not have ascertained without discovery. (*Id.* at 3.) Plaintiff argues therefore, that his request is not in bad faith, dilatory, would not prejudice Defendants, and is not futile. (*Id.*)

In the proposed amended complaint, Plaintiff drops all his former claims and replaces them with a sole claim against Defendants for negligently obtaining a consumer report without a permissible purpose, therefore violating 15 U.S.C. § 1681o.

If a plaintiff does not file an amended complaint within twenty-one days of his complaint, he may amend the complaint, "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to permit amendment is committed to the discretion of the trial court. *Hayden v. Ford Motor Co.*, 497 F.2d 1292, 1294 (6th Cir. 1974).

In deciding whether to grant a motion for leave to amend, a court may consider such factors as delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failures to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment. *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973). "Delay by itself is not a sufficient reason to deny a motion to

amend." *Id.* (citation omitted). However, when the delay causes the motion to be filed at a late stage of the litigation, such as near the close of discovery, an increased burden is on the movant to show justification for the failure to move earlier. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). Allowing amendment after the close of discovery creates significant prejudice for the opposing party. *Id.* Motions to amend should not be denied as futile when there are underlying, disputed issues of material fact because the court must accept the movant's allegations as true. *See Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993) (test for determining whether proposed amendment is futile is same as for Rule 12(b)(6) motion to dismiss).

Plaintiff seeks leave to add a negligent violation of the FCRA claim pursuant to 15 U.S.C. § 1681o. That sections provides,

> (a) In general
>
> Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of - -
>
> (1) any actual damages sustained by the consumer as a result of the failure; and
>
> (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.
>
> (b) Attorney's fees
>
> On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

Unlike a willful violation, "[i]f the noncompliance [of the FCRA] is merely negligent," a defendant "is only liable if the plaintiff can prove actual damages." *Elsady v. Rapid Global Business Solutions, Inc.*, 2010 WL 742852 (E.D.Mich. Feb. 26, 2010) (Cohn, J.) (And emphasizing, "[u]nlike the provision for willful noncompliance, a plaintiff alleging negligent noncompliance cannot rely on statutory damages as an alternative to actual damages.")

"The burden of proving causation remains with [the plaintiff] at all times to prove that the alleged FCRA violation was [a] substantial factor in causing the asserted actual damages." *Moore v. First Advantage Enter. Screening Corp.*, 12-00792, 2013 WL 1662959, at *4 (N.D.Ohio Apr. 17, 2013) (citation omitted).

Here, the Court finds that Plaintiff has unduly delayed in bringing this motion for leave to amend and that Defendants would suffer prejudice if the Court were to allow the amendment.

Suburban argues that Plaintiff has unduly delayed in bringing the motion to amend. (Suburban's Mot. at 4.) Suburban states that Plaintiff "knew as far back as May 1, 2013 that Defendants did not act intentionally." (*Id.*) Suburban points out that Plaintiff has waited until after the close of discovery and after all the parties have filed a motion for summary judgment. (*Id.*) Suburban finally points out that Plaintiff "has failed to set forth any good faith reason in failing to request an amendment at an earlier date." (*Id.*)

Ford joins in Suburban's undue delay argument. (Ford's Resp. at 4.) Ford adds that it put Plaintiff on notice of the lack of wilfulness at status conferences on May 1 and May 15, 2013. (*Id.* at 4-5.) Ford also explains that Plaintiff sought an extension of the discovery period, set for August 14, 2013, but that Plaintiff failed to conduct any discovery after he took depositions on that day. (*Id.* at 5.) Ford asserts that Plaintiff, despite stating that he

needed to conduct follow-up discovery, did not conduct any additional discovery. (*Id.*) Ford further points out that three motions for summary judgment have already been fully briefed, including Plaintiff's own motion for summary judgment and Suburban has filed its own motion for sanctions. (*Id.*) And Ford states that Plaintiff "has provided no reason for waiting until after discovery closed and after [] Defendants filed their dispositive motions to seek leave to amend." (*Id.*)

Suburban argues that Plaintiff has prejudiced it by his late amendment. (Suburban's Resp. at 5.) Suburban states that, for Plaintiff to prove a 15 U.S.C. § 1681o violation, he must prove actual damages, a proof that Plaintiff does not need to make for a § 1681n violation. (*Id.*) Suburban maintains that, if the Court were to allow the amendment, the parties would need more discovery to determine what actual damages Plaintiff incurred. (*Id.*)

Ford makes a similar argument with respect to reopening discovery and the prejudice that would stem from allowing the negligence claim. (Ford's Resp. at 7.)

The Court agrees that Plaintiff has unduly delayed in filing this motion and that permitting the amendment now would prejudice Defendants. Discovery has closed and all of the parties, including Plaintiff himself, have filed and fully briefed dispositive motions. Courts do not look favorably on late requests to add new legal theories at late stages of the litigation.

"When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Util. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (citation omitted). In *Wade*, the Sixth Circuit affirmed the district court's denial of a motion to amend. *Id.* The court first noted that the plaintiff

delayed over one and a half years before seeking to amend. *Id.* The first complaint, the court held, did not put the defendant on notice that it would have to defend against new claims. *Id.* The court then, noting that "delay alone [is] not a sufficient reason to deny [an] amendment," affirmed the district court's holding that the plaintiff's delay prejudiced the defendant because the dispositive motion deadline had passed and the defendant had already filed a motion for summary judgment, and the parties had already conducted significant discovery. *Id.* (citation omitted.) *See also Parry v. Mohawk Motors of Michigan*, 236 F.3d 299, 306 (6th Cir. 2000) (holding that the proposed second amended complaint would prejudice defendant when the plaintiff was attempting to add a new legal theory after the court had granted a motion for summary judgment and denied a motion for reconsideration; and noting that the proposed second amended complaint came nine months after the first amended complaint and over a year after the original complaint.).

Plaintiff argues that discovery revealed that Defendants acted negligently, instead of willfully. The Court cannot give credence to Plaintiff's argument, for, from the beginning of this case, Defendants have argued that running Plaintiff's name for a credit report was nothing more than a mistake. Plaintiff's counsel is familiar with the § 1681o negligent violation of the FCRA theory. And Plaintiff's counsel has presented alternative theories of recovery before. *See Garrett v. Gila LLC*, 11-12523, 2012 WL 6642522 (E.D.Mich. Dec. 20, 2012) (Zatkoff, J.) (Plaintiff's counsel filing both negligent and willful FCRA violations.); *Haddad v. Charles Riley & Assoc., Inc.*, 09-12597, 2011 WL 2581918 (E.D.Mich June 21, 2011) (Lawson, J.) (Plaintiff's counsel filed both negligent and willful FCRA actions against the defendant.). Plaintiff's counsel's failure to recognize the negligent theory should not entitle his client to amend the complaint when such a late amendment would prejudice

14

Defendants. *See Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970-71 (6th Cir. 1973) ("A misconception of the law is not an excuse for the late presentation of an alternative theory of recovery. No reason is shown why [the plaintiff] could not have presented its alternative theory initially.").

Plaintiff therefore has presented no reason why it did not plead the negligence claim initially. Permitting the theory now would mean that the Court would have to reopen discovery on, at least, the issues of intent and damages.[1] The parties would need to retake depositions, and all the motions for summary judgment filed and responded to would be for naught. The Court finds that Plaintiff has not met his burden for an amendment. The interest of justice, in this case, favors not granting Plaintiff's motion to amend.

### C. The Court finds that Rule 11 sanctions are not appropriate

Defendant Suburban has filed a motion for Rule 11 sanctions against Plaintiff. (Dkt. 31.) Defendant argues that Plaintiff's failure to voluntarily dismiss this matter, "in spite of the lack of evidence of an intentional act to access [Plaintiff's credit,] is a violation of [Rule] 11 obligations. (*Id.* at 7.) Plaintiff maintains that he conducted a reasonable inquiry before he filed the case and that he had a reasonable basis for filing the complaint and continuing the case. (Dkt. 37, Pl.'s Am. Resp. at 3.)

Rule 11(b) states that, when an attorney files a pleading with a court, he represents, to the best of his "knowledge, information, and belief, formed after an inquiry reasonable

---

[1] At the hearing, Plaintiff's counsel argued that Defendants had the opportunity to conduct discovery regarding Plaintiff's actual damages and they failed to do so. The Court would reopen discovery if it permitted Plaintiff to amend, for Defendants' case was so strong on the willful violation that the Court finds it should not punish it for not conducting discovery on actual damages when there was no proof of intent. Plaintiff's argument is without merit.

under the circumstances" that "the claims, defenses, and other legal contentions are warranted by existing law[.]" Fed.R.Civ.P. 11(b)(2).

Rule 11(c) provides for sanctions if a party violates Rule 11(b). Fed.R.Civ.P. 11(c). Rule 11(c) provides the means by which to file a motion for sanctions. It provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed.R.Civ.P. 11(c)(2).

Here, there is no indication that Defendant Suburban complied with the 21-day "safe harbor." That failure, alone, is reason to deny the motions for sanctions. *See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510 (6th Cir. 2002) (noting that the Sixth Circuit has "expressly ruled that Rule 11 is unavailable where the moving party fails to serve a "safe harbor' letter" that includes the motion for sanctions.) (citation omitted).

The Court remarks though, that Plaintiff's counsel's conduct should not be the standard of professionalism.[2] Plaintiff's counsel may have had a basis for filing suit, but

---

[2]On May 1, 2013, Defendant Suburban's counsel offered Plaintiff's counsel a $500.00 settlement offer. (Def. Suburban's Mot. for Sanctions, Ex. B.) In that email, Defendant Suburban explained the basis for its offer. (*Id.*) It stated that Plaintiff filed suit under 15 U.S.C. § 1681n but that Plaintiff had failed to show any willful culpability on Defendant Suburban's behalf. (*Id.*) Defendant Suburban emphasized again, that the running of Plaintiff's credit history was merely a mistake and that 1681n was not applicable to the case. (*Id.*) Defendant Suburban stated that, if Plaintiff did not settle the case for $500.00, then Defendant Suburban would be filing a motion for summary judgment. (*Id.*) Defendant Suburban suggested that "Judge Edmunds may allow you to file an amended complaint but

16

after discovery, he had no proof that either Defendants intentionally or knowingly violated his client's rights. Plaintiff should have pleaded the negligence claim from the outset, or at least, much earlier.

Defendant Suburban argues that Rule 11 imposes a reasonableness of pleading throughout a case. Defendant Suburban is correct:

> The Sixth Circuit has emphasized that the Rule's requirement of reasonableness "is not a one-time obligation." Rather each party "is impressed with a continuing responsibility to review and reevaluate his pleadings and where appropriate modify them to conform to Rule 11." In particular, "after discovery has been launched, if plaintiffs are are still unable to plead a sufficient factual basis for the allegations made against defendants, the spectre of Rule 11 sanctions should guide the actions of plaintiffs' counsel."

*B & H Medical, LLC v. ABP Admin., Inc.*, 354 F.Supp.2d 746, 748 (E.D.Mich. 2005) (Rosen, J.) (all citations omitted) *aff'd* 526 F.3d 257 (6th Cir. 2008). Rule 11 sanctions are therefore appropriate when a plaintiff's subsequently fails to dismiss a case after it becomes aware that the case lacked merit. *Id.* (citations omitted).

The Court finds merit in Defendant Suburban's argument–Plaintiff had no evidence that supported the required FCRA culpability level after discovery, Plaintiff should have dismissed the case or moved more quickly for leave to file an amended complaint. But

---

the amount of work needed to accomplish all of this is a waste of resources." (*Id.*) Defendant Suburban pointed out that, if the Court would allow Plaintiff to amend the complaint with a negligent violation of the FCRA, that Plaintiff had no actual damages to prove. (*Id.*)

Plaintiff's counsel responded that he believed there was no chance of the case settling for $1,000.00 and that, if Defendant Suburban wrote a check for $7,500.00, then Plaintiff could settle the matter. (Def. Suburban's Mot. for Sanctions, Ex. B.)

Defendant Suburban responded again, explaining its offer and the basis for its offer. (Def. Suburban's Mot. for Sanctions, Ex. B.) Plaintiff's counsel countered with, "[b]ring your checkbook lady." (*Id.*)

17

again, the Court finds that Defendant Suburban has not shown that it complied with the "safe harbor" and the Court does not award sanctions because of that failure.

## IV. Conclusion

For the above-stated reasons, the Court GRANTS Defendants' motions for summary judgment, DENIES Plaintiff's motion for summary judgment and motion for leave to file an amended complaint, and DENIES Defendant Suburban's motion for sanctions.

So ordered.

                                          s/Nancy G. Edmunds
                                          Nancy G. Edmunds
                                          United States District Judge

Dated: December 17, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 17, 2013, by electronic and/or ordinary mail.

                                          s/Richard Loury for Carol A. Hemeyer
                                          Case Manager