UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jonathan Khoury,

    Plaintiff,

Case No. 13-11149

Honorable Nancy G. Edmunds

v.

Ford Motor Credit Company, LLC, and
Suburban Ford of Sterling Heights, LLC,

    Defendants.

_____/

## OPINION AND ORDER DENYING DEFENDANT FORD MOTOR CREDIT COMPANY LLC'S MOTION FOR ATTORNEYS' FEES [48]

Before the Court is Defendant Ford Motor Company, LLC's motion for attorneys' fees in this Fair Credit and Reporting Act (FCRA), 15 U.S.C. § 1681, et seq., case. (Dkt. 48.) Because the Court finds that Plaintiff's counsel's actions are not so egregious as to warrant sanctions under any of the arguments that Defendant Ford advances, the Court DENIES Defendant Ford's motion for attorneys' fees.[1]

**I.   Background**

On December 17, 2013, the Court granted Defendant Ford and Defendant Suburban Ford of Sterling Height's motions for summary judgment. (Dkt. 46, Order.) The Court found that there was no evidence of a knowing violation of the FCRA, granted Defendants' motions for summary judgment, denied Plaintiff's motions for summary judgment and to

---

[1] The Court is familiar with the facts. The Court will not present a fact section in this opinion and order and instead refers to the fact section in its December 17, 2013 opinion.

amend, denied Defendant Suburban's motion for sanctions, and dismissed the case with prejudice.

On January 14, 2013, Defendant Ford filed this motion for attorneys' fees. Defendant Ford seeks $21,740.11 in attorneys' fees. (Def.'s Mot. at 6.) Defendant asserts three theories by which it maintains that the Court can award attorneys' fees to it. (Def.'s Mot. at 7, 11.) Defendant first argues that it is entitled to attorneys' fees under the FCRA. (*Id.*) Defendant then argues that 28 U.S.C. § 1927 entitles it to attorneys' fees. (*Id.*) Defendant lastly argues that the Court can use its inherent powers to award attorneys' fees for Plaintiff's counsel's bad faith in this case. (*Id.* at 11.)

## II. Analysis

Litigating parties generally must pay their own attorneys' fees; this tenet is the American Rule of attorneys' fees. *O'Connor v. Trans Union, LLC*, 05-74498, 2008 WL 4910670, at *2 (E.D.Mich. Nov. 13, 2008) (Cleland, J.) (citation omitted). The American Rule gives way if Congress provides a fee-shifting statute that entitles a party to attorneys' fees or circumstances warrant a court's exercise of its inherent powers to award attorneys' fees. *See, e.g., Wolding v. Clark*, 10-10644, 2012 WL 6212713, at *1 (E.D.Mich. Dec. 13, 2012) (Duggan, J.) (citations omitted). The Court is guided by the principle that an attorneys' fees award "is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Monroe Auto Equip. Co. v. International Union, United Auto., Aerospace and Agriculture Implement Workers of Am. (UAW), Monroe Auto Equip. Co., Unit of Local 878*, 981 F.2d 261, 270 (6th Cir. 1992) (citation omitted).

Defendant Ford suggests that the Court has the ability to award it attorneys' fees under two statutes and through the Court's inherent power to award attorneys' fees.

2

**A. Defendant Ford is not entitled to attorneys' fees under the FCRA**

Defendant Ford first argues that it is entitled to attorneys' fees under the FCRA. (Def.'s Mot. at 8.) The FRCA does provide for an attorneys' fees award:

> Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

15 U.S.C. § 1681n(c). To award attorneys' fees under this section, the Court must find that a party filed a pleading or motion in bad faith or to harass. *See Wolding v. Clark*, 10-10644, 2012 WL 6212713, at *2 (E.D.Mich. Dec. 13, 2012) (Duggan, J.) (citations omitted) (stating "[t]he plain language of the statute requires a showing that the pleading, motion, or other paper was *filed* in bad faith or for harassment purposes." And quoting "[i]t is not enough to show that the 'pleading, motion, or other paper' in question 'later turned out to be baseless.'").

Defendant Ford suggests that Plaintiff's filing of this action without "performing the proper due diligence" evidences bad faith, or at the very least, evidences harassment. (Def.'s Mot. at 5.)

Plaintiff counters that, prior to counsel filing the lawsuit, Plaintiff and his counsel investigated the claims and discussed the events surrounding the credit report access. (Pl.'s Resp. at 6.) Plaintiff represents that his report, coupled with the fact that Defendant Ford actually did obtain his credit report, shows that he had a reasonable basis for filing and maintaining suit. (*Id.*) Plaintiff further suggests that he dropped claims when he knew that the claims had no basis and that there was no way to tell whether the intentional violation claim had basis until he took discovery. (*Id.* at 7.)

The Court agrees with Plaintiff—attorneys' fees are not warranted under the FCRA. Here, Plaintiff's counsel has a basis to file suit, and a basis to continue suit, although not a strong one. While the Court finds that Plaintiff's counsel acted unprofessionally, rudely, and perhaps unintelligently (in either not counseling his client to accept an offer of judgment or not presenting his client with the offer of judgment once discovery was over and discovery did not reveal any intent to violate the FCRA) the Court finds he did not act in bad faith or to harass Defendant Ford. *See Degussa Admixtures, Inc. v. Burnett*, 277 F.App'x 530, 534 (6th Cir. 2008) (suggesting a definition of bad faith as requiring "objective speciousness of the plaintiff's claim . . . and . . . subjective bad faith in bringing or maintaining the claim.") (citation omitted). The record does not support a finding of bad faith. The record shows that Plaintiff's counsel responded rudely to Defendant's counsel, did not accept an offer of judgment, and continued to litigate this case although his chance of success was slim. But, those actions do not amount to bad faith or harassment.

**B. Defendant Ford is not entitled to attorneys' fees under 28 U.S.C. § 1927**

Defendant Ford next argues that it is entitled to attorneys' fees under 28 U.S.C. § 1927. (Def.'s Mot. at 9.) That section, titled, "Counsel's liability for excessive costs," provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. That section " authorizes a court to assess fees against an attorney for 'unreasonable and vexatious' multiplication of litigation despite the absence of any conscious impropriety." *Jones v. Continental Corp.*, 789 F.2d 1225, 1229 (6th Cir. 1986).

In *Jones*, the Sixth Circuit discussed the boundary line between an attorney's duty to ardently litigate and harassment:

> An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to *carte blanche* to burden the federal courts by pursuing claims that are frivolous on the merits, or by pursuing nonfrivolous claims through the use of multiplicative litigation tactics that are harassing, dilatory, or otherwise 'unreasonable and vexatious.' Accordingly, at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney.

789 F.2d at 1230.

Defendant maintains that the record is "replete" with evidence that Plaintiff's counsel knew or should have known that Plaintiff was filing a frivolous complaint as to Defendant Ford. (Def.'s Mot. at 9-10.) Defendant Ford points to its request early in litigation when it asked Plaintiff's counsel to supply a power of attorney or a written authorization form from Plaintiff so that it could release the information that Plaintiff's counsel requested from Defendant Ford. (*Id.* at 10.) Defendant Ford maintains that Plaintiff's counsel's failure to amend the complaint and failure to plead negligence once Defendant Ford put Plaintiff on notice that there was no willful violation in this case amounts to vexatious and unreasonable behavior. (*Id.*) Defendant Ford further maintains that it should not have to pay its own attorneys' fees for the period of litigation that occurred after the deposition, when in the deposition Defendant Ford's representatives did not testify to the requisite intent for a willful violation. (*Id.* at 10.)

The Court refuses to award fees under this statute. The Court acknowledges that a lot of pleadings were filed in this case. But responding to those pleadings prepared the case for disposal at the summary judgment phase. The Court finds that there is no

indication that Plaintiff's counsel filed any pleadings in an unreasonable and vexatious manner.  Once the issues in the case came to light, the only dilatory action that Plaintiff's counsel took was his failure to amend the complaint sooner.  While Defendants did have to respond to that motion to amend, the Court, recognizing the prejudice the amendment would cause, did not permit the case to continue any further.  Again, the Court finds no evidence of vexatious litigation tactics or actions that were truly unreasonable.  The Court does not award attorneys' fees under this statute.

### C. Defendant Ford is not entitled to attorneys' fees though the Court's inherent powers

Defendant Ford finally argues that the Court has the inherent power to award attorneys' fees for Plaintiff's counsel's bad faith.  The Court disagrees.

"A district judge has inherent equitable power to award attorneys' fees for 'bad faith' or frivolous conduct of a case."  *In re Ruben*, 825 F.2d 977, 983 (6th Cir. 1987) (citations omitted).  A district judge can use this power on parties or attorneys.  *Id.* (citations omitted).

Courts have considered three categories of bad faith in awarding attorneys' fees: (1) bad faith occurring during the course of the litigation; (2) bad faith in bringing an action or in causing an action to be brought; and (3) bad faith in the acts giving rise to the substantive claim.  *Shimman v. International Union of Operating Engineers, Local 18*, 744 F.2d 1226, 1230 (6th Cir. 1984).

"[T]he bad faith exception requires that the district court make actual findings of fact that demonstrate that the claims were meritless, that counsel knew or should have known that the claims were meritless, *and* that the claims were pursued for an improper

purposes." *Big Yank Corp. v. Liberty Mut. Fire. Ins. Co.*, 125 F.3d 308, 314 (6th Cir. 1997) (emphasis in original, citation omitted).

A court "must find *something more* than that a party knowingly pursued a meritless claim or action at any stage of the proceedings." *United States v. Aleo*, 681 F.3d 290, 305 (6th Cir. 2012) (emphasis in original, citation omitted).

Defendant Ford argues that Plaintiff's counsel's actions leading up to the filing of this lawsuit, combined with the intentional prosecution of a frivolous claim against Defendant Ford empowers the Court to award Defendant attorneys' fees and costs. (Def.'s Mot. at 12.)

Here, again, there is no indication that Plaintiff's counsel filed the case for an improper purpose. Under this theory of attorneys' fees, as the Sixth Circuit has held, even the pursuit of a meritless claim is not enough for an attorneys' fees award. Defendant is not entitled to attorneys' fees under this theory.

### III. Conclusion

For the above-stated reasons, the Court DENIES Defendant Ford's motion for attorneys' fees.

So ordered.

                                                  s/Nancy G. Edmunds  
                                                  Nancy G. Edmunds  
                                                  United States District Judge

Dated: March 4, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 4, 2014, by electronic and/or ordinary mail.

                                                  s/Johnetta M. Curry-Williams  
                                                  Case Manager  
                                                  Acting in the Absence of Carol Hemeyer